**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELWARE**

| | |
|---|---|
| Jahkira Peart, | |
| Plaintiff, | Case No.: |
| -against- | |
| Equifax Information Services, LLC, Experian Information Solutions, Inc., Trans Union, LLC, and Discover Bank, | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| Defendant(s). | |

Plaintiff Jahkira Peart, by and through counsel, as for this Complaint against Defendants Equifax Information Services, LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"), Trans Union, LLC ("Trans Union"), (Equifax, Experian, and Trans Union, each a "Bureau" and collectively "Bureaus"), and Discover Bank ("Discover" or "Furnisher") respectfully sets forth, complains, and alleges, upon information and belief, the following:

1.      Plaintiff brings this action for damages arising from each Defendant's violations of 15 U.S.C. § 1681 *et seq.*, the Fair Credit Reporting Act ("FCRA").

## JURISDICTION AND VENUE

2.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p *et seq*.

3.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claim occurred here, the Plaintiff resides here, and the Defendants transact business here.

## PARTIES

4.      Plaintiff is a resident of the State of Delaware, County of Kent.

5.       At all times material hereto, Plaintiff was a "consumer" as defined under 15 U.S.C. § 1681a (c).

6.       Defendant Equifax Information Services, LLC is a consumer reporting agency as defined by 15 U.S.C. § 1681a (f) and conducts substantial and regular business activities in this judicial district.

7.       Equifax is a Georgia limited liability company registered to do business in this State.

8.       Equifax may be served with process c/o Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

9.       Equifax is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers to third parties for the purpose of furnishing consumer reports, as defined under 15 U.S.C. § 1681a (p).

10.       At all times material hereto, Equifax disbursed such consumer reports to third parties under a contract for monetary compensation.

11.       Defendant Experian Information Solutions, Inc., is a consumer reporting agency as defined by 15 U.S.C. § 1681a (f) and conducts substantial and regular business activities in this judicial district.

12.       Experian is an Ohio corporation registered to do business in this State.

13.       Experian may be served with process c/o The Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801.

14.       Experian is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis and is regularly engaged in the business of assembling,

evaluating, and disbursing information concerning consumers to third parties for the purpose of furnishing consumer reports, as defined under 15 U.S.C. § 1681a (p).

15.     At all times material hereto, Experian disbursed such consumer reports to third parties under a contract for monetary compensation.

16.     Defendant Trans Union, LLC, is a consumer reporting agency as defined by 15 U.S.C. § 1681a (f) and conducts substantial and regular business activities in this judicial district.

17.     Defendant Trans Union is a Delaware limited liability company registered to do business in this State.

18.     Trans Union may be served with process c/o Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

19.     At all times material hereto, Trans Union is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681a(p) to third parties.

20.     At all times material hereto, Trans Union disbursed such consumer reports to third parties under a contract for monetary compensation.

21.     Defendant Discover is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2.

22.     Discover may be served with process c/o The Corporation Trust Company, Corporation Trust Center, 1209 Orange St, Wilmington, DE 19801.

## FACTUAL ALLEGATIONS

23.        Plaintiff incorporates the above allegations as if set forth here.

24.        Sometime prior to the events relevant here, Plaintiff allegedly incurred a debt to

Discover ("Account").

25.        The Account's account number with Discover ends in ….1284.

26.        Plaintiff has her bank account linked to the Account to make monthly payments.

27.        Plaintiff attempted to make her December 2022 payment on the Account.

28.        The December payment was due December 1, 2022.

29.        Unbeknownst to Plaintiff, the otherwise timely payment on the Account failed.

30.        It appears that payment failed due to some fraudulent activity on Plaintiff's linked

account from where the payment originated.

31.        Thereafter Plaintiff attempted to use her Discover card to pay for a different

transaction and her card was declined.

32.        Plaintiff then checked her Discover account and realized the December payment

had failed to complete.

33.        That very day on December 15, 2022, Plaintiff paid her alleged outstanding

balance on the Account.

34.        Plaintiff's payment was late due to no fault of Plaintiff's.

35.        At most, Plaintiff's payment was fifteen days late.

36.        However, Discover reported Plaintiff as 30-days past due.

37.        Discover continued to report the Account with an outstanding balance.

38.        Discover continued to report the Account as 30-days past due to each Bureau.

39.        This is despite that Plaintiff had paid the outstanding balance less than thirty days

late.

40.     The Account should never have reported as past due.

41.     Discover furnished incorrect credit formation about the Account to each Bureau despite Plaintiff paying the outstanding balance.

42.     The Account is appearing on Plaintiff's credit reports with a late payment.

43.     Discover continued to report the late payment to each Bureau.

44.     Each Bureau has been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that it has disseminated to various persons and credit grantors, both known and unknown.

Violations

45.     Plaintiff notified each Bureau that she disputed the accuracy of the information it was reporting ("Dispute").

46.     Plaintiff disputed with Equifax, Experian and Trans Union on or around December 8, 2023.

47.     Plaintiff stated in her Dispute that she was not late on this account.

48.     Plaintiff stated that she had paid the outstanding balance less than thirty days late.

49.     Plaintiff included the payment confirmation with her Dispute.

50.     Each Bureau is required to notify Discover of Plaintiff's dispute.

51.     It appears and is therefore averred that each Bureau notified Discover of Plaintiff's dispute.

52.     Upon receipt of the dispute of the account by the Plaintiff from each Bureau, Discover failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed account.

53.    Had Discover conducted a reasonable investigation it would have been revealed to Discover that the account is inaccurate.

54.    A reasonable investigation by each Bureau would have revealed that the account was not thirty days late.

55.    A reasonable investigation by each Defendant would have revealed that the Account is being incorrectly reported.

56.    Despite the dispute by the Plaintiff that the information on her consumer report was inaccurate with respect to the disputed accounts, each Defendant did not evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

57.    Each Bureau violated 15 U.S.C. § 1681i (a)(1)(A) by failing to conduct a reasonable investigation and failing to delete or correct the disputed trade line within 30 days of receiving Plaintiff's Dispute.

58.    Each Bureau violated 15 U.S.C. § 1681i (a)(2)(A) by failing to provide notice of the Dispute to Furnisher or, in the alternative, if each Bureau did comply with Section 1681i (a)(2)(A) then it failed to comply with Section 1681i (a)(2)(B) by failing to provide Plaintiff all relevant information received from Furnisher.

59.    Each Bureau violated 15 U.S.C. § 1681e (b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information on Plaintiff's credit report.

60.    Furnisher's actions described herein violated 15 U.S.C. 1681s-2 (b).

61.     Notwithstanding Plaintiff's efforts, each Defendant continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

62.     Furnisher continued to furnish credit data which is inaccurate and materially misleading, and each Bureau's reporting of the above-referenced trade line continued to be inaccurate and materially misleading.

63.     Each Bureau did not follow reasonable procedures to assure maximum possible accuracy of the information on Plaintiff's credit report.

64.     Defendants knew the information was inaccurate.

65.     Each Defendant was in possession of the documentation of the inaccuracies of the Account provided by Plaintiff yet persisted in reporting it anyway.

66.     Upon information and belief, each Bureau did not even request documentation from Furnisher during its investigations of Plaintiff's Dispute.

67.     Upon information and belief, Furnisher did not send any documentation to each Bureau during its investigations of Plaintiff's Dispute.

68.     None of the Defendants contacted Plaintiff during its investigation of Plaintiff's Dispute.

69.     On information and belief, on a date better known to each Bureau, it prepared and issued credit reports concerning the Plaintiff that included inaccurate and materially misleading information relating to the Account.

70.     The information furnished by Furnisher and published by each Bureau improperly, falsely, and inaccurately characterizes Plaintiff's account information.

71.     Each Bureau reported this improper and inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they disseminated to various persons and credit grantors, both known and unknown.

72.     Had each Bureau enacted and followed reasonable procedures to assure maximum possible accuracy of the information on Plaintiff's credit report, the negative account information would not have appeared on Plaintiff's credit report.

73.     Furnisher continues to furnish credit data which is inaccurate and materially misleading, and each Bureau's reporting of the above-referenced trade line continues to be inaccurate and materially misleading.

## Damages

74.     As a result of each Defendant's failure to comply with the FCRA, Plaintiff has been damaged.

75.     Each Defendant's erroneous reporting continues to affect Plaintiff's reputation, creditworthiness, and credit score.

76.     Plaintiff suffered damage to her reputation as it falsely appears as if she is delinquent on the Account.

77.     This false information was published to numerous third parties.

78.     This negative information reflected poorly upon Plaintiff and is incompatible with the proper exercise of Plaintiff's lawful financial affairs.

79.     Plaintiff has, inter alia, suffered damage by loss of time and money in trying to rectify each Defendant's willful and negligent actions, loss of credit, loss of ability to purchase and benefit from credit, reputational harm, decreased credit score, a chilling effect on applications for credit, difficulty with sleep, and the mental and emotional pain, anguish,

humiliation, and embarrassment of credit denial and having others see the false credit

information.

80.	Plaintiff was also denied funding opportunities due to each Defendant's actions.

81.	The plaintiff was emotionally distraught.

82.	Plaintiff had trouble with sleep.

83.	After disputing the Account, Plaintiff was attempting to secure credit.

84.	Due to each Defendant's action, Plaintiff was unable to secure the necessary

credit or loan.

85.	When Plaintiff attempted to apply for a personal loan she was denied due in

whole, or in part, to the Account and each Bureau's reporting thereof.

86.	Plaintiff applied for another personal loan but was denied in whole or in part due

to the Account reported by Discover on her Experian credit report.

87.	Plaintiff applied for a personal loan from Upstart, but was denied in whole or in

part due to the Account reported by Discover on her Equifax and Trans Union credit reports.

## FIRST CAUSE OF ACTION
### (Violations of the FCRA as to each Bureau)

88.	Plaintiff incorporates the allegations above the First Cause of Action as if set forth

here.

89.	This is an action for willful and/or negligent violation of the Fair Credit Reporting

Act, 15 U.S.C. § 1681 et seq.

90.	Each Bureau violated 15 U.S.C. § 1681e (b) by failing to establish or to follow

reasonable procedures to assure maximum possible accuracy in the preparation of the credit

report and credit files that each Bureau maintained or furnished concerning the Plaintiff.

91.       Each Bureau violated 15 U.S.C. § 1681i (a)(1)(A) by failing to conduct a

reasonable investigation and delete the disputed tradeline within 30 days of receiving Plaintiff's

Dispute(s) and by failing to maintain reasonable procedures with which to verify the disputed

information in Plaintiff's credit file.

92.       Alternatively, upon information and belief, each Bureau further violated 15

U.S.C. § 1681c-2(b) by failing to promptly notify the furnisher of information identified by

Plaintiff under subsection (a) of 15 U.S.C. § 1681c-2.

93.       Each Bureau has willfully and recklessly failed to comply with the Act.

94.       In the alternative, each Bureau has negligently failed to comply with the Act.

95.       The failure of each Bureau to comply with the Act includes but is not necessarily

limited to the following:

   a. The failure to enact and follow reasonable procedures to assure the maximum possible
      accuracy of the information reported;

   b. The failure to remove and/or correct the inaccuracy and derogatory credit information
      after a reasonable request by the Plaintiff;

   c. The failure to promptly and adequately investigate information which each Bureau had
      notice was inaccurate;

   d. The continual placement of inaccurate information into the credit report of the Plaintiff
      after being advised by the Plaintiff, which was demonstrated with documentation that
      the information was inaccurate;

   e. The failure to promptly delete information that was found to be inaccurate, or could
      not be verified, or that the source of information had advised each Bureau to delete;

     f.   The failure to take adequate steps to verify information each Bureau had reason to believe was inaccurate before including it in the credit report of the consumer; and

     g.   The failure to provide notice of a dispute to the furnisher or, in the alternative, the failure to provide Plaintiff all relevant information received from the furnisher in response to a dispute.

96.      As described above, and as a result of the conduct, action, and inaction of each Bureau, Plaintiff suffered damage as described above.

97.      The conduct, action and inaction of each Bureau was willful and/or negligent rendering each Bureau liable for actual, statutory and punitive damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. §§ 1681n-1681o.

98.      Plaintiff is entitled to recover reasonable costs and attorney's fees from each Bureau in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n-1681o.

WHEREFORE, Plaintiff demands judgment against each Bureau for damages together with attorney's fees and court costs pursuant to 15 U.S.C. §§ 1681n-1681o.

**SECOND CAUSE OF ACTION**
**(Violation of the FCRA as to Furnisher)**

99.      Plaintiff incorporates the allegations above the First Cause of Action as if set forth here.

100.     This is an action for will and/or negligent violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

101.     Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

102.     Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff.

103.     The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

104.     The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the furnisher must report the results to any other agencies which were supplied such information.

105.     Furnisher violated 15 U.S.C. § 1681s-2 (b) as described above, including, but not limited to, failing to fully and properly investigate the dispute(s) of the Plaintiff, failing to review all relevant information regarding same, and failing to correctly report results of an accurate investigation to the credit reporting agencies.

106.     As described above, and as a result of the conduct, action, and inaction of Furnisher, Plaintiff suffered damage as described above.

107.     The conduct, action, and inaction of Furnisher was willful and/or negligent, rendering it liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. §§ 1681n-1681o.

108.     Plaintiff is entitled to recover reasonable costs and attorney's fees from Furnisher in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n-1681o.

WHEREFORE, Plaintiff, an individual, demands judgment in her favor for damages together with attorney's fees and court costs pursuant to 15 U.S.C. §§ 1681n-1681o.

## DEMAND FOR TRIAL BY JURY

109.    Plaintiff demands a trial by jury for all claims and issues in this complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from each Defendant:

a)  For actual damages provided and pursuant to 15 U.S.C. § 1681o (a) be awarded for each negligent violation as alleged herein;

b)  For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

c)  For statutory damages provided and pursuant to 15 U.S.C. § 1681n (a);

d)   For statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

e)  For punitive damages provided and pursuant to 15 U.S.C. § 1681n (a)(2);

f)  For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n (a)(3), 15 U.S.C. § 1681o (a)(2) and 15 U.S.C. § 1640(a)(3);

g)  For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated:  March 26, 2024

Respectfully submitted,

**Garibian Law Offices, P.C.**
s/ Antranig Garibian_____
By:  Antranig Garibian, Esq. (Bar No. 4962)
Brandywine Plaza East
1523 Concord Pike, Suite 400
Wilmington, DE  19803
(302) 722-6885
ag@garibianlaw.com